FILED
CLERK, U.S. DISTRICT COURT
01/19/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

TRE VALENTINE,
aka "Treasure Manager,"

Defendant.

ED CR No. 5:22-cr-00022-FMO

I N D I C T M E N T

[18 U.S.C. § 2422(b): Enticement of a Minor to Engage in Criminal Sexual Activity; 18 U.S.C. §§ 2251(a),(e): Production of Child Pornography; 18 U.S.C. §§ 2252A(a)(1), (b)(1): Transportation of Child Pornography; 18 U.S.C. §§ 2428, 2253: Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 2422(b)]

Beginning on an unknown date and continuing to on or about June 27, 2021, in Riverside County, within the Central District of California, and elsewhere, defendant TRE VALENTINE, also known as "Treasure Manager," used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age

of 18 years, namely, Minor Victim, a 16-year-old girl, to engage in sexual activity for which a person can be charged with a criminal offense, namely, Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), (e).

COUNTS TWO THROUGH SIX

[18 U.S.C. §§ 2251(a), (e)]

On or about the following dates, in Riverside County, within the Central District of California, and elsewhere, defendant TRE VALENTINE, also known as "Treasure Manager," knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim, who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by computer.

| COUNT | DATE |
|---|---|
| TWO | May 27, 2021 |
| THREE | June 1, 2021 |
| FOUR | June 9, 2021 |
| FIVE | June 10, 2021 |
| SIX | June 11, 2021 |

COUNT SEVEN

[18 U.S.C. §§ 2252A(a)(1), (b)(1), 2(a)]

On or about June 21, 2021, in Riverside County, within the Central District of California, and elsewhere, defendant TRE VALENTINE, also known as "Treasure Manager," aided and abetted the transporting and shipping of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce, namely, a messaging application, and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2428]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2428 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense;

(b) All right, title, and interest in any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2428(b)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts Two through Seven of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

SONAH LEE
Assistant United States Attorney
Riverside Branch Office

KAITLYN B. LASATER
Special Assistant United States Attorney
Riverside Branch Office